# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1718V
(not to be published)

| | |
|---|---|
| JUSTINE AMATO,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 6, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Gregory Steven Spizer*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Heather Lynn Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 6, 2018, Justine Amato filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left Shoulder Injury Related to Vaccine Administration after receiving the influenza vaccine on September 14, 2017. (Petition at 1). On January 13, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated June 2, 2020, (ECF No. 37), requesting a total award of $30,294.01 (representing $29,864.40 in fees and $430.01 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement that she incurred no out-of-pocket expenses. (ECF No. 37-1). Respondent reacted to the motion on June 12, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to my discretion to determine the amount to be awarded. (ECF No. 38). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

A.  Hourly Rates

Petitioner requests the following rates for her attorneys from Anapol Weiss: for David Carney, $315 per hour for 2018; for Lawrence Cohan, $440 per hour for 2018, $450 per hour for 2019, and $484 per hour for 2020; for Gregory Spizer, $425 for hour for 2019, and $435 per hour for 2020; and for attorney Emily Ashe, the rates of $290 per hour for 2019, and $315 per hour for 2020. (ECF No. 32-1 at 2-3). Petitioner also requests paralegal rates of $135 – 145 per hour, based on either paralegal experience or the year the time was billed. (*Id.* at 3). The rates for Mr. Carney and the paralegals have been previously awarded, and I find no cause to deviate from those rates. However, I will make an adjustment for Mr. Cohan's 2020 requested rate, and all of Mr. Spizer's requested rates, for the reasons listed below.

i.  Lawrence Cohan

Petitioner's requested rates for Mr. Cohan for 2018 and 2019 are consistent with what has been previously awarded, and thus require no adjustment. However, although the requested rate for Mr. Cohan's 2020 work is within the appropriate experience range utilized by the Office of Special Masters,[3] I nevertheless find the requested increase to be excessive. Rather, relying on the factors set forth in *McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large), a somewhat lesser increase of $470 per hour is more appropriate for his time billed in 2020, and also more consistent with the magnitude of prior increases. This reduces the attorney fees to be awarded in this case by the amount of **$47.60**.

ii.  Gregory Spizer

Mr. Spizer has been a practicing attorney since 1998, placing him in the range of attorneys with 20 – 30 years' experience.[4] The requested rates are all within the range

---

[3] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

[4] This information was independently obtained by the Court, direct from the Annpol Weiss website. https://www.anapolweiss.com/attorneys/greg-spizer.

for attorneys at his level of overall experience, albeit on the highest end of the range.[5] However, I find the requested rates excessive based on his lack of experience practicing in the Vaccine Program. Mr. Spizer primarily handles mass tort cases, and this was Mr. Spizer's first case in the Vaccine Program. (ECF No. 108-6 at 1). Due to Mr. Spizer's inexperience in the Vaccine Program, I find it reasonable to reduce the requested rates to $380 per hour for time billed in 2019, and $400 per hour for time billed in 2020. This further reduces the amount to be awarded in fees by **$703.50**.[6]

## ATTORNEY COSTS

Petitioner requests $430.01 in overall costs. (ECF No. 37 at 4). This amount includes matters like shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and although Petitioner did not provide adequate documentation in support of her request, I find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney fees and costs. I award a total of **$29,543.31** (representing $29,113.30 in attorney fees and $430.01 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

> s/Brian H. Corcoran
> Brian H. Corcoran
> Chief Special Master

---

[5] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[6] This amount consists of ($425 - $380 = $45 x 9.9 hrs = $445.50) + ($435 - $400 = $35 x 8.6 hrs = $258) = $703.50.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.